IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| *Plaintiff,* | : | |
| v. | : | No. 21-cr-107-1 |
| GREGORY STEVENS, | : | |
| *Defendant.* | : | |

# ORDER

**AND NOW,** this 18th day of January, 2023, upon consideration of Defendant's Motion to Dismiss Count Two (ECF No. 51), and the Government's response in opposition (ECF No. 52), I find the following:

1. The Defendant is charged with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One), discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two), and possession of ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three).

2. Defendant moves to dismiss Count Two of the indictment, arguing that Hobbs Act robbery is not a "crime of violence" under the "elements clause" of § 924(c) because Hobbs Act robbery does not categorically require proof of "the use, attempted use, or threatened use against the person or property of another." § 924(c)(3)(A). Specifically, Defendant maintains that Hobbs Act robbery is not a crime of violence because it may target intangible property and may be committed without the use of force.

1

3. Federal Rule of Criminal Procedure 12(b)(3) permits a defendant to challenge the sufficiency of an indictment on the basis that the indictment "fail[s] to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v).  Judicial review of a motion to dismiss an indictment "is a narrow, limited analysis geared only towards ensuring that legally deficient charges to not go to a jury." United States v. Stock, 728 F.3d 287, n. 4 (3d Cir. 2013) (quoting United States v. Bergrin, 650 F.3d 257, 268 (3d Cir. 2011)).

4. The Hobbs Act forbids "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property."  18 U.S.C. § 1951(a).  Section 924(c)(3)(A) defines "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

5. Every appellate court, including the United States Court of Appeals for the Third Circuit (in a nonprecedential opinion), has found that Hobbs Act robbery is a valid § 924(c) predicate under the elements clause.  United States v. McHaney, 1 F.4th 489, 492 (7th Cir. 2021) (collecting cases).  Those courts generally reasoned that "fear of injury" cannot occur without at least the threat of physical force, and "physical force" under § 924(c) necessarily means violent force – or force capable of causing physical pain or injury to another person.  Accordingly, there is a consensus that Hobbs Act robbery qualifies as a crime of violence.  Despite this, Defendant seeks to take advantage of the fact that currently, there is no binding precedent on this issue in the Third Circuit due to an internal decision to designate a recent opinion as nonprecedential.

6. The Third Circuit has repeatedly found that Hobbs Act robbery qualifies as a crime of violence. It first did so in United States v. Robinson, but the majority in that case reached its conclusion using a case-specific approach. 844 F.3d 137, 143 (3d Cir. 2016). Robinson was therefore abrogated when the United States Supreme Court mandated that the categorical approach be used in United States v. Davis. 139 S. Ct. 2319, 2336 (2019).

7. Recently, in United States v. Monroe, the Third Circuit declared that Hobbs Act robbery is a crime of violence; however, the decision was designated as nonprecedential. 837 F. Appx. 898, 900–01 (3d Cir. 2021) (not precedential).

8. Following Monroe, the Third Circuit again determined that Hobbs Act robbery, as well as attempted Hobbs Act robbery, are both crimes of violence in United States v. Walker, 990 F.3d 316, 325–26 (3d Cir. 2021). However, the entire Walker decision was later vacated when the United States Supreme Court decided that attempted Hobbs Act robbery did not qualify as a § 924(c) predicate in United States v. Taylor, 142 S. Ct. 2015, 2025–2026 (2022).

9. Defendant's substantive argument that Hobbs Act robbery is not a crime of violence has been repeatedly rejected by the Third Circuit, both in Monroe and Walker. And while Taylor technically vacated Walker, Taylor involved attempted, rather than completed Hobbs Act robbery. The Taylor Court noted the distinction between the attempted and completed versions of the crime, reasoning that the government could secure a conviction for attempted Hobbs Act robbery by proving that a defendant took a "substantial step" toward completion of the robbery in the form of buying supplies and planning escape routes (neither of which require the use or attempted use of

physical force). The completed version of the crime, however, requires the government to prove that the defendant committed an unlawful taking of property "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(a).[1]

10. While I recognize that the Third Circuit has not issued a precedential opinion, the current state of the law remains that Hobbs Act robbery constitutes a crime of violence under § 924(c).

11. **WHEREFORE**, it is hereby **ORDERED** that the motion is **DENIED.**

BY THE COURT:

/s/ Mitchell S. Goldberg
**MITCHELL S. GOLDBERG, J.**

---

[1] The Defendant additionally argues that the Hobbs Act is indivisible between completed and attempted robbery, and thus, completed robbery is not a predicate offense in light of Taylor. I agree with the reasoning of the several courts that have held that the Hobbs Act is divisible between attempted and completed robbery, as attempt is an inchoate offense that requires proof of different elements from the completed offense. United States v. Bowers, No. 18-cr-292, 2022 WL 17718686, at *14 (W.D. Pa. Dec. 15, 2022) (citing United States v. Eccleston, No. 20-cr-2119, 2022 WL 3696664, at *2 (10th Cir. Aug. 26, 2022)) ("holding that the Hobbs Act Robbery statute codifies three separate crimes, each requiring proof of different elements: Hobbs Act Robbery, attempted Hobbs Act Robbery, and conspiracy to commit Hobbs Act Robbery.").